**Ravinder KUMAR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–77217.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Jonathan F. Potter, Esquire, Mark Christopher Walters, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Ravinder Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Even if Kumar could establish extraordinary circumstances to excuse his untimely asylum application, substantial evidence supports the IJ's adverse credibility determination because Kumar's testimony was inconsistent with his documentary evidence concerning his occupation, and this material discrepancy was not persuasively explained. *See Goel v. Gonzales,* 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim). Because the record does not compel the conclusion that Kumar's testimony was credible, he has not established eligibility for asylum. *See Singh–Kaur,* 183 F.3d at 1153.

Because Kumar failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Kumar's CAT claim is based on the same testimony the IJ found to be not credible, and Kumar points to no other evidence the IJ should have considered, he has failed to establish eligibility for CAT relief. *See id.* at 1157.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

